THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS, | CASE NO. C22-0928-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY SUPERIOR COURT, | |
| Defendant. | |

This matter comes before the Court upon *sua sponte* review of Plaintiff's complaint (Dkt. No. 7), made pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* with his complaint. (Dkt. No. 1.) On July 28, 2022, the Honorable S. Kate Vaughan, U.S. Magistrate Judge, granted Plaintiff's application. (Dkt. No. 6.) Summons has not yet issued.

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid dismissal for failure to state a claim upon which relief may be granted,

a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendant brings a claim for civil damages pursuant to 42 U.S.C. § 1983, alleging that King County Superior Court violated his right to a speedy trial as he was detained for longer than sixty days. (*See* Dkt. No. 7 at 3.) There are multiple deficiencies with this claim.

First, the 60-day speedy trial rule cited, Wash. R. Ct. Lim. Juri. 3.3, constitutes state law, not federal. A violation of state law does not establish a cause of action under § 1983. *See Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998). Second, while there is a Constitutional right to a speedy trial within the Sixth Amendment, Plaintiff does not implicate the Constitution in the complaint, nor is this right "quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523 (1972). Instead, the Court uses a balancing test, weighing the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. Plaintiff does not allege sufficient factual matter for the Court to weigh these factors, or to raise his claim above the speculative level. (*See* Dkt. No. 7 at 3).

Furthermore, the King County Superior Court is not a proper defendant, as the court is exempted from such a claim. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable); *Wolfe*

*v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity). Even if Plaintiff were to pinpoint a specific state actor, judicial immunity is not limited to judges and instead "[a]ll those who perform judge-like functions are immune from civil damages liability" *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985) (citations omitted).

Moreover, this complaint is ultimately incurable, even if these issues were addressed, as monetary damages under § 1983 are not an appropriate remedy for the violation of speedy trial rights. *See Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016) ("The sole remedy for a violation of the speedy trial right [is] dismissal of the charges"). Furthermore, to recover damages for "allegedly unconstitutional conviction or imprisonment," a § 1983 plaintiff must prove that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus . . ." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Trevino v. Dep't of Social Health Services*, 2017 WL 6347897, slip op. at 3 (E.D. Wash. 2017) (finding Plaintiff precluded from bringing claim for monetary damages for alleged speedy trial violation as he has not stated his conviction has been reversed or invalidated). Therefore, § 1983 is not the appropriate avenue for Plaintiff's claim.

As it is clear the complaint could not be cured by amendment, the Court DISMISSES Plaintiff's complaint with prejudice and without leave to amend.[1]

DATED this 19th day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).